ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL ESPECIAL

| | | |
|---|---|---|
| **CROCS PUERTO RICO, INC.**<br><br>Demandante-Recurrente<br><br>v.<br><br>**CHERIF ROBERT MEDAWAR y MARÍA TERESA GALAZ**<br><br>Demandados-Recurridos | KLCE202400085 | **CERTIORARI** procedente del Tribunal de Primera Instancia, Sala Superior de **San Juan**<br><br>Civil Núm.: **SJ2019CV01046**<br><br>Sobre: Sentencia Declaratoria; Pago de lo Indebido |
| **CHERIF ROBERT MEDAWAR y MARÍA TERESA GALAZ**<br><br>Terceros-Demandantes<br><br>v.<br><br>**CROCS RETAIL, INC. t/c/c/ CROCS RETAIL, LLC.**<br><br>Tercera-Demandada | | |

Panel integrado por su presidenta, la Jueza Cintrón Cintrón, la Juez Barresi Ramos y la Jueza Rivera Pérez.

Cintrón Cintrón, Jueza Ponente.

## RESOLUCIÓN

En San Juan, Puerto Rico, a 29 de febrero de 2023.

Comparecen ante nos Crocs Puerto Rico, Inc. (Crocs PR) y Crocs Retail, Inc. (Crocs Retail) (conjuntamente, parte peticionaria) y nos solicitan que revoquemos parcialmente la *Minuta Resolución* emitida por el Tribunal de Primera Instancia, Sala Superior de San Juan (TPI), el 21 de diciembre de 2023. Mediante la misma, el TPI no autorizó a la parte peticionaria la presentación de prueba relacionada a ciertas defensas afirmativas incluidas en la contestación de la reconvención, por entender que dicho asunto fue previamente adjudicado en la *Sentencia Parcial* dictada en el 2022.

Por los fundamentos que expondremos a continuación, se deniega la expedición del auto de *certiorari* solicitado.

## I.

Según surge del expediente, el 1 de julio de 2010, Cherif Robert Medawar (Medawar o parte recurrida) y Crocs PR suscribieron un contrato de arrendamiento sobre los primeros dos (2) niveles de un edificio propiedad de Medawar, ubicado en la Calle del Cristo en el Viejo San Juan. Tras el paso del huracán María por Puerto Rico, el local arrendado sufrió daños. Ello desencadenó un pleito judicial instado por Crocs PR, sobre sentencia declaratoria y pago de lo indebido, que conllevó la interpretación del mencionado contrato, específicamente sobre los procesos para cancelarlo. Luego de múltiples trámites, Medawar presentó *Contestación a Demanda y Reconvención* y una *Demanda Contra Tercero* contra Crocs Retail.[1]

En la contestación a la *Reconvención*, Crocs incluyó como defensas afirmativas, entre otras cosas, lo siguiente:

10. Incumplimiento. Los demandados-reconvenientes incumplieron sus obligaciones bajo el Contrato de Arrendamiento y/o las disposiciones aplicables del Código Civil. A modo de ejemplo, los demandados-reconvenientes incumplieron su obligación contractual de reparar la Propiedad de los daños sufridos por ésta a consecuencia del paso de los huracanes Irma y/o María dentro del término establecido en el Contrato de Arrendamiento; e incumplieron su obligación estatutaria de hacer las reparaciones necesarias en la Propiedad con el fin de conservarla en estado de servir para el uso al cual Crocs PR la había destinado y permitir el uso y disfrute, pacífico e ininterrumpido, de la misma.

11. *Exceptio no rite adimpleti contractus.* Los demandados-reconvenientes no pueden exigir el cumplimiento de la(s) obligación(es) de Crocs PR bajo el Contrato de Arrendamiento pues estos no cumplieron con sus propias obligaciones en virtud del referido contrato y las disposiciones aplicables del Código Civil de Puerto Rico.

12. En la alternativa, procede un ajuste o suspensión de los cánones de arrendamiento bajo el Contrato de Arrendamiento por el período de tiempo en que los demandados-reconvenientes no repararon la

---

[1] Apéndice del recurso, págs. 39-51, 52-57.

Propiedad de los daños sufridos por ésta a consecuencia de los huracanes Irma y/o María.

El 20 de julio de 2022, el TPI emitió una *Sentencia Parcial,* mediante la cual desestimó sumariamente, con perjuicio, la *Demanda* presentada por Crocs PR contra Medawar. En su determinación, el TPI concluyó que:

De un análisis de la prueba presentada, y de las disposiciones del Contrato de Arrendamiento, no nos cabe duda de que Crocs incumplió con las disposiciones del acuerdo. La notificación enviada el 9 de noviembre de 2017 por parte de Crocs a Medawar, no cumplió con los requisitos que establecía la sec. 15 del Contrato de Arrendamiento. De acuerdo con los términos de la sec. 15 del Contrato, una vez ocurre el evento atmosférico, Crocs debía informarle por escrito a Medawar sobre los daños que sufrió la propiedad; esto no ocurrió. Asimismo, el Contrato de Arrendamiento establece que, si se determina que los daños no se pueden reparar dentro de 130 días, cualquiera de las partes podrá dar por terminado el arrendamiento mediante una segunda notificación por escrito. Esta segunda notificación se debe hacer dentro de 20 días laborables contados a partir desde que se notificaron los daños. Esta segunda notificación tampoco ocurrió.

A tono con lo anterior, el foro primario esgrimió que Crocs PR debió cumplir con otros requisitos adicionales antes de dar por terminado el contrato. Asimismo, el TPI determinó que Crocs PR nunca informó por escrito sobre los daños, ni entregó la correspondiente comunicación una vez transcurrieran los 20 días laborables luego de la primera notificación. Por ello, el Tribunal de Primera Instancia ultimó que la carta del 9 de noviembre de 2017 no tuvo el efecto de dar por terminado el acuerdo, y, como consecuencia, los pagos de los cánones no fueron hechos por error o inadvertencia.

Inconforme con la anterior determinación, el 18 de agosto de 2022, Crocs PR y Crocs Retail comparecieron ante esta Curia mediante el recurso de *Apelación Civil* KLAN202200661. Por medio de una *Sentencia* dictada el 27 de enero de 2023, confirmamos la *Sentencia Parcial* apelada. De dicho pronunciamiento Crocs acudió

al Tribunal Supremo de Puerto Rico, pero este denegó la *Petición de Certiorari*.

Así las cosas, continuaron los procesos ante el TPI. El 12 de diciembre de 2023, las partes presentaron un *Informe Conferencia con Antelación a Juicio*[2], el cual fue discutido en una videoconferencia celebrada el 21 de diciembre del mismo año. Durante la audiencia, el Tribunal destacó que quedaba pendiente la reconvención instada por Medawar. Sobre el particular, se suscitó un debate por las enmiendas a las alegaciones presentadas por Crocs cuando contestó la reconvención.

Particularmente, Crocs esbozó que Medawar incumplió con su obligación esencial de reparar o reconstruir el techo y la estructura del local arrendado, por lo que, en virtud de la defensa de *exceptio non adimpleti contractus*, estaba eximido de pagar cualquier suma adicional a lo ya pagado. A su vez, argumentó que Medawar cumplió de forma defectuosa sus obligaciones bajo el contrato, por lo que, en virtud de la mencionada defensa, no tenía que pagar cánones adicionales a los que ya pagó. En la alternativa, adujo que, de tener que pagarlos, la suma debía disminuirse de forma proporcional al cumplimiento defectuosos de los arrendadores.

Al discutir la teoría del caso, el foro primario determinó que no procedían las enmiendas concernidas, tomando en consideración la *Sentencia Parcial* la cual era final y firme. El Tribunal solicitó a los abogados de Medawar expresarse sobre lo planteado por Crocs con relación al incumplimiento de contrato de arrendamiento por no haber realizado las mejoras al edificio como consecuencia de los daños ocasionados por el huracán María.

Escuchados los argumentos y planteamientos de las partes, el TPI determinó, a través del dictamen recurrido, que no autorizaría

---

[2]Apéndice del recurso, págs. 842-904.

la presentación de la prueba relacionada a las defensas afirmativas esbozadas por Crocs. En ese sentido, expresó lo siguiente:

> Ciertamente la alegación de incumplimiento de contrato por parte de Medawar fue considerada en la sentencia parcial y, lógicamente, no se puede hablar de incumplimiento contractual cuando ya hay una determinación de hecho conforme la prueba presentada de que Crocs nunca notificó a Medawar sobre los daños reclamados por el edificio. En ese sentido, no puede haber un incumplimiento si no hay una notificación previa sobre una obligación contractual. Este Tribunal entiende que conforme lo que se planteó en la sentencia sumaria y lo que se resolvió, toda reclamación relacionada a incumplimiento de contrato por parte de Medawar sobre la no reparación de los daños dentro del término de ciento treinta (130) días no aplica [porque] nunca Crocs notificó el hecho de que el edificio sufriera daños. Ese asunto ya fue adjudicado en la sentencia parcial.

En desacuerdo, Crocs incoó el recurso que hoy atendemos. En este plantea que el foro *a quo* erró y abusó de su discreción:

> … al determinar que las defensas afirmativas de Crocs de (i) *exceptio non adiempleti contractus* y (ii) *exceptio non rite adimpleti contractus* son cosa juzgada y -a consecuencia de ello- prohibir que Crocs presente prueba sobre el incumplimiento de Medawar con sus obligaciones esenciales o su cumplimiento defectuoso.

El 1 de febrero de 2024, Medawar instó su *Oposición a la Expedición del Certiorari.* Con el beneficio de la comparecencia de todas las partes, procedemos a resolver.

## II.

El auto de *certiorari* es el mecanismo procesal idóneo para que un tribunal de superior jerarquía pueda enmendar los errores que cometa el foro primario, sean procesales o sustantivos. *Rivera et al. v. Arcos Dorados et al.,* 212 DPR __ (2023); *Torres González v. Zaragoza Meléndez,* 211 DPR 821 (2023); *León v. Rest. El Tropical,* 154 DPR 249 (2001). Su expedición está sujeta a la discreción del foro revisor. La discreción consiste en una forma de razonabilidad aplicada al discernimiento judicial para llegar a una conclusión ecuánime. Ahora bien, no significa poder actuar en una forma u otra, haciendo abstracción del resto del derecho, porque,

ciertamente, eso constituiría un abuso de discreción. *García v. Padró*, 165 DPR 324, 334-335 (2005).

La Regla 52.1 de Procedimiento Civil, 32 LPRA Ap. V, R. 52.1, dispone taxativamente los asuntos que podemos atender mediante el referido recurso. *Caribbean Orthopedics v. Medshape, et al.*, 207 DPR 994 (2021); *Scotiabank v. ZAF Corp. et al.*, 202 DPR 478 (2019). A esos efectos, dicha Regla dispone —en lo concerniente— lo siguiente:

> El recurso de *certiorari*, para revisar resoluciones u órdenes interlocutorias dictadas por el Tribunal de Primera Instancia, **solamente será expedido por el Tribunal de Apelaciones cuando se recurra de una resolución u orden bajo las Reglas 56 y 57 o de la denegatoria de una moción de carácter dispositivo.** No obstante, y **por excepción** a lo dispuesto anteriormente, el Tribunal de Apelaciones **podrá revisar órdenes o resoluciones interlocutorias dictadas por el Tribunal de Primera Instancia cuando se recurra de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales, asuntos relativos a privilegios evidenciarios, anotaciones de rebeldía o en casos de relaciones de familia, en casos que revistan interés público o en cualquier otra situación en la cual esperar a la apelación constituiría un fracaso irremediable de la justicia.** Al denegar la expedición de un recurso de *certiorari* en estos casos, el Tribunal de Apelaciones no tiene que fundamentar su decisión. (Énfasis nuestro). Regla 52.1 de Procedimiento Civil, supra.

Por otro lado, para que este Foro pueda ejercer con mesura la facultad discrecional de entender, o no, en los méritos, una petición de *certiorari*, la Regla 40 del Reglamento del Tribunal de Apelaciones enumera los criterios que viabilizan dicho ejercicio. En particular, la referida Regla dispone lo siguiente:

(A) Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.

(B) Si la situación de hechos planteada es la más indicada para el análisis del problema.

(C) Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.

(D) Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados o de alegatos más elaborados.

(E) Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.

(F) Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

(G) Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

4 LPRA Ap. XXII-B, R. 40.

Los criterios antes transcritos nos sirven de guía para poder, de manera sabia y prudente, tomar la determinación de si procede o no intervenir en el caso en la etapa del procedimiento en que se encuentra. *Torres Martínez v. Torres Ghigliotty*, 175 DPR 83, 97 (2008). De no encontrarse presente alguno de los criterios anteriormente enumerados en un caso ante nuestra consideración, no procede nuestra intervención.

Además, es importante enfatizar que todas las decisiones y actuaciones judiciales se presumen correctas y le compete a la parte que las impugne probar lo contrario. *Vargas v. González,* 149 DPR 859, 866 (1999).

**III.**

En esencia, la parte peticionaria arguye que la decisión impugnada es incorrecta en estricto derecho. Entiende que en el caso de autos no están presentes los elementos constitutivos de la doctrina de cosa juzgada ni su modalidad de impedimento colateral por sentencia.

En primer orden, esgrime que no existe identidad de cosa porque en la *Sentencia Parcial* de 2022 el TPI no atendió, ni adjudicó el asunto del incumplimiento de Medawar con sus obligaciones contractuales como arrendador, específicamente de reparar y reconstruir el edificio para que Crocs pudiera usarlo. Añade que solo se limitó a evaluar si Crocs cumplió con el proceso pactado para dar

por terminado el contrato concernido. Además, esboza que en la demanda desestimada por la *Sentencia Parcial* lo que se reclamó a Medawar fue la devolución de un dinero; mientras que en esta etapa del pleito el objetivo de sus defensas afirmativas es que se exima de tener que pagar a Medawar. Es decir, destaca que son controversias totalmente diferentes, toda vez que la aludida sentencia no abarcó en su sección adjudicativa ni dispositiva los asuntos mencionados ni el conocimiento constructivo de Medawar sobre los daños al edificio.

Cónsono con lo anterior, la parte peticionaria argumenta que tampoco hay identidad en cuanto a la causa porque lo que se juzgó en la *Sentencia Parcial* fueron las causas de acción de Crocs, a saber, una sentencia declaratoria y la devolución del pago de lo indebido. Destaca que las que se pretenden aplicar en esta ocasión son las de *exceptio non adimpleti contractus* y *exceptio non rite adimpleti contractus*. Asimismo, aduce que no está presente la identidad de litigantes en la misma calidad que lo fueron en el pleito anterior.

Por otro lado, la parte recurrida entiende que en el presente caso no se manifiesta ninguna de las instancias contenidas en la Regla 40 del Reglamento del Tribunal de Apelaciones, ni hubo abuso de discreción por parte del TPI. Razona que dos (2) de las tres (3) controversias que Crocs sometió ante la consideración del TPI (e incluso ante este Foro apelativo) fue precisamente si Medawar incumplió con el contrato de arrendamiento al no hacer las reparaciones necesarias al edificio. Alega que dicha controversia fue resuelta, pues el foro *a quo* determinó que quien incumplió fue Crocs y que cualquier obligación de Medawar estaba supeditada a que Crocs efectuara el requisito de notificación, lo cual no hizo. En suma, la parte recurrida está conforme con la determinación del TPI.

Al examinar los argumentos de las partes y el pronunciamiento sujeto a revisión, determinamos denegar la expedición del auto de *certiorari.*

Según el tracto fáctico del caso y las cláusulas del contrato que rigen el negocio jurídico entre las partes, resulta evidente que era requisito esencial que la parte peticionaria **notificara por escrito** los daños que sufrió la propiedad tras el paso del evento atmosférico, y, de ser necesario, la intención de dar por terminado el acuerdo.[3] Resuelto en la *Sentencia Parcial* dictada en el 2022 que, conforme la prueba presentada, la parte peticionaria no notificó por escrito a la parte recurrida, no procede la intervención con la decisión objetada.

Así las cosas, entendemos que la decisión del TPI fue razonable. Por lo tanto, somos del criterio que el foro primario no erró, ni abusó de su discreción en su determinación, ni en el manejo del caso. La parte peticionaria no ha demostrado que el TPI actuó con pasión, prejuicio, parcialidad o que incurrió en error manifiesto al emitir la *Minuta Resolución* impugnada.

**IV.**

Por los fundamentos previamente expuestos denegamos la expedición del auto de *certiorari* solicitado. Regla 40 del Reglamento del Tribunal de Apelaciones. 4 LPRA Ap. XXII-B, R. 40.

Lo acordó y manda el Tribunal y lo certifica la Secretaria.

La Juez Barresi Ramos concurre sin opinión escrita.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones

---

[3] Véanse, cláusulas 12(b) y 15(c) del contrato de arrendamiento entre Crocs y Medawar.